# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 21-60275
Summary Calendar

ABU TAHER SHOPON,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 653 983

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Abu Taher Shopon, a native and citizen of Bangladesh, was charged with removability as an alien present in the United States without having been admitted or paroled. Now, he petitions this court for review of an order by the Board of Immigration Appeals (BIA) upholding the immigration

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

judge's (IJ) determination that he was not entitled to asylum, withholding of removal, or protection under the Convention Against Torture (CAT) because he was not credible. On appeal, Shopon challenges the BIA's credibility findings.

We review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the BIA's decision to uphold the IJ's adverse credibility determination for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536, 538-40 (5th Cir. 2009). Under this standard, "reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

An adverse credibility determination may be supported by any inconsistency or omission, provided that the totality of the circumstances establishes that an asylum applicant is not credible. *Wang*, 569 F.3d at 538-39. Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on whether Shopon was credible. *See id.* at 537-39. Because Shopon has not presented credible evidence showing that he is entitled to asylum, he has not shown that he is entitled to withholding of removal or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Consequently, his petition for review is DENIED.